UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

**Joyce Joy Funderburk**

Soc. Sec. No. xxx-xx-3963
Mailing Address: Po Box 4604, Sanford, NC 27331-

Case No. 07-81349
Chapter 13

Debtor

# MOTION TO MODIFY PLAN

**NOW COMES the Debtor**, by and through counsel undersigned, who moves, under authority of 11 U.S.C. § 1329, to modify the Chapter 13 plan in this case, and in support hereof, the Debtor shows unto this Court the following:

1. This case was filed on September 18, 2007, with the Chapter 13 plan being subsequently confirmed on December 14, 2007.

2. The Debtor proposes to modify the Chapter 13 plan in this case in the following respects:

   From: $304.00 per month

   To: $304.00 per month through May, 2011, followed thereafter by $250.00 for one month.

3. The changed circumstances that justify the proposed modification are as follows: The Debtor's 2000 Cadillac Deville vehicle was involved in an accident on or about 5/15/11. Said vehicle secures a claim held by Carmax Auto Finance. Said claim was being paid "inside" this Chapter 13 case. There is presently an unpaid principal balance due on this secured claim in the amount of approximately $3,049.37. The insurance company responsible for providing property damage insurance has declared the vehicle a "total loss", and is offering, by way of property damage settlement, to pay the sum of $3,992.24.

4. To facilitate the proposed modification, the Debtor hereby surrenders any interest she may have in the said wrecked vehicle. Since said creditor's claim is only secured to the extent of the unpaid principal balance due upon its allowed secured claim, said creditor is only entitled to receive, from said settlement, an amount equal to the said unpaid principal balance due upon its said secured claim, plus interest at the rate set in the confirmation order. Upon the payment of said amount to said creditor by said insurance company, said creditor is obligated to release its lien on said vehicle and to then forward to said insurance company the certificate of title to said vehicle.

5. In addition, since the Debtor is surrendering her interest in said vehicle, it is no longer necessary to continue treating said creditor's claim as secured. Not having to continue treating said claim as secured, it is possible to both lower the Debtor's plan payment and reduce the length of the Debtor's plan, thereby freeing up money necessary to help the Debtor acquire and finance dependable alternate transportation.

6. The Debtor further requests that any proceeds above and beyond Carmax's secured claim be refunded directly to the Debtor so that she may use said proceeds toward the purchase of a replacement vehicle.

7. An updated Schedule I and J (Income and Expenses) is attached, and reveals that any savings resulting from the proposed modification will be used toward the purchase/monthly payments on a replacement vehicle.

8. The proposed modification conforms to the standards of confirmation set out in 11 U.S.C. §§ 1322 and 1325.

**Appended Application for an Additional Attorney Fee**

9. Counsel for the Debtor further applies herein, in accordance with Bankruptcy Rule 2016(b), for approval an attorney fee in the amount of $250.00 to pay for the reasonable value of the services rendered, and to be rendered, with respect to this motion to modify, including, without limitation, the following:

    a. Calls from and to the Debtor to discuss changes in her situation which necessitate this motion, to explain the procedures and requirements involved, and to advise the Debtor accordingly; and
    b. Contact with the Trustee's office concerning the proposed modification; and
    c. Re-evaluating and recalculating the Chapter 13 plan in this case; and
    d. Drafting this Motion and Certificate of Service; and
    e. Service of the Motion on all interested parties, which includes all creditors scheduled in this case, at the expense of the undersigned law firm; and
    f. Filing of the Motion; and
    g. Prospective attendance with Debtor at the hearing upon the motion, if any; and
    h. Prospective drafting and filing of the proposed Order and Deputy Clerk's Certificate of Service; and
    i. Prospective follow-up instructions to client, as will be necessary, following the granting of this motion.

    j. In the case of a total loss situation, the whole process of gathering information from both client and insurance adjuster specific to the insurance claim, advising the Debtor as to all possible options, including among them, the advantages and disadvantages of continuing in Chapter 13, what to do to get another vehicle, what to do for transportation in the meantime, and how to work with and react to insurance adjusters. In addition, there was the time spent in having to explain to the insurance adjuster how bankruptcy law necessarily modifies the normal handling of the

insurance claim.

These services were not taken into account in the contract for legal services entered into between the undersigned and the Debtor. Prior to the filing of this motion, the Debtor has have paid to undersigned the sum of $250.00. These funds have been deposited into the undersigned law firm's client trust account pending the Court's ruling on this application.

WHEREFORE, the Debtor prays that this Court grant her Motion, and modify the Chapter 13 plan accordingly. In addition, counsel undersigned requests that this Court approve a fee in the amount of $250.00 to compensate undersigned for the services rendered or to be rendered with respect to this motion, said fee to be paid directly to undersigned by Debtor,

Dated: June 8, 2011

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Koury Hicks

Koury Hicks
North Carolina State Bar No.: 36204
6616-203 Six Forks Road
Raleigh, N.C. 27615
(919) 847-9750

**CERTIFICATE OF SERVICE**

I, Renee Nolte, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on June 8, 2011 , I served copies of the foregoing **MOTION TO MODIFY PLAN** by regular first-class U.S. mail, addressed to the following parties:

Richard M. Hutson, II
Chapter 13 Trustee
P.O. Box 3613
Durham, N.C. 27702-3613

Michael West
U.S. Bankruptcy Administrator
P.O. Box 1828
Greensboro, N.C. 27402-1828

Joyce Joy Funderburk
Po Box 4604,
Sanford, NC 27331-

Carmax Auto Finance
Attn: Managing Agent
PO Box 440609
Kennesaw , GA 30160-

Pamela Keenan, Esq
Attorney for CarMax Auto Finance
PO Box 19766
Raleigh, NC 27619-

Allstate Insurance
Attn: Managing Agent and
David Teachey, Adjuster
PO Box 32037
Charlotte, NC 28232-2037

All creditors with duly filed claims as listed on the Trustee's website.

    /s Renee Nolte
    Renee Nolte